IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| BRANDON DECHAUN BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 621-006 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at Georgia State Prison (GSP) in Reidsville, Georgia, submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Catherine M. Salinas transferred the case to the Southern District of Georgia because the events at issue in the complaint occurred in Reidsville, Tattnall County. (Doc. no. 4.) On January 26, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and instructed Plaintiff he must return the requisite Prisoner Trust Fund Account Statement and Consent to Collection of Fees from within thirty days. (See doc. no. 8.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id. at 4.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's January 26th Order. In fact, the Court's Order was returned to the Clerk of Court as refused because Plaintiff has been released from GSP. (See doc. no. 10.)

**I.     DISCUSSION**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915).  Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.  Moreover, Plaintiff's failure to keep the Court apprised of a valid address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible.  These actions by Plaintiff amount not only to a failure to prosecute, but also

2

an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and the Court finds that the imposition of monetary sanctions is not a feasible sanction. Therefore, Plaintiff's case should be dismissed.

## II.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal *in forma pauperis* ("IFP"). Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 19th day of February, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA